IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

STIHL INCORPORATED,

      Plaintiff,

v.                                          CIVIL ACTION NO. 2:22-cv-00111

KINETIC CERAMICS, LLC,

    SERVE:    Secretary of the Commonwealth
                    P.O. Box 2452
                    Richmond, VA 23218

    and

    SERVE:    4050 South 26th Street
                    Suite 200
                    Philadelphia, PA 19112

        Defendant.

## COMPLAINT

NOW COMES Plaintiff STIHL Incorporated, by counsel, and for its complaint against Defendant Kinetic Ceramics, LLC, states as follows:

## NATURE OF THE ACTION

1. STIHL Incorporated ("STIHL" or "Plaintiff") entered into a written agreement with Kinetic Ceramics, LLC ("Kinetic" or "Defendant"), effective November 14, 2017. Shortly thereafter, STIHL issued a purchase order to Kinetic, which Kinetic approved on December 6, 2017. Pursuant to the agreement and purchase order, Kinetic agreed to manufacture and install, and STIHL agreed to purchase, a working piston turning system for use with STIHL's automatic transfer switch machine ("ATS"). Stihl made two (2) initial payments totaling $143,374.00 in December, 2017 and May, 2018. Kinetic contracted to deliver and install the piston turning

machine that complied with STIHL's specifications by no later than May 21, 2018. Kinetic has never delivered an acceptable, working piston turning machine. After almost three (3) years, STIHL had no choice but to terminate the agreement and purchase order. STIHL now seeks to recover its initial payments to Kinetic, and its other damages, which STIHL is entitled to recoup under the terms of the agreement and purchase order.

## PARTIES, JURISDICTION AND VENUE

2. Plaintiff STIHL is a corporation that manufactures a full line of outdoor power tools including chainsaws, blowers, trimmers, brush cutters, and other construction tools.

3. STIHL is incorporated in Delaware and has its principal place of business in Virginia Beach, Virginia.

4. Defendant Kinetic is a limited liability company that creates industrial hardware and precision machining systems.

5. Kinetic is a Delaware entity, with its principal place of business in Philadelphia, Pennsylvania. It is not registered to do business with the Virginia State Corporation Commission. Kinetic's members are citizens of Pennsylvania.

6. None of Kinetic's members are citizens of Delaware or Virginia. Accordingly, Kinetic is not a citizen of either Delaware or Virginia. *See Littlestone, LC v. Chauvin*, No. 3:19cv514, 2019 U.S. Dist. LEXIS 166508, at *9 (E.D. Va. Sept. 26, 2019) (noting "an LLC's citizenship, for purposes of diversity jurisdiction, consist of the citizenship of all its members.") (internal citations omitted).

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL BACKGROUND**

9. STIHL and Kinetic entered into a Capital Equipment Purchase Agreement (the "Agreement"), effective as of November 14, 2017. *See* **Exhibit 1**. The Agreement specifies that time is of the essence for delivery of the Equipment to STIHL. *Id*. ¶3(A).

10. STIHL and Kinetic also executed a Purchase Order dated December 5, 2017, whereby STIHL agreed to purchase, and Kinetic agreed to engineer, manufacture, and install a piston turning machine, FTS#400WS (the "Equipment"). *See* **Exhibit 2**.

11. The Agreement was incorporated into the Purchase Order by reference. *Id.* at 1

12. The Purchase Order required that STIHL pay a certain percentage of the total purchase price on a progress-based payment schedule. The total purchase price was $204,820.00, to be paid in three installments: 50% down with invoice, 20% upon shipment, and 30% after acceptance by STIHL. *Id.*

13. Similarly, the Purchase Order required that Kinetic meet certain deadlines in order to timely manufacture the Equipment and ensure the Equipment's delivery and installation at STIHL's plant in Virginia Beach by May 21, 2018. *Id.*

14. Consistent with the Purchase Order and Agreement, STIHL paid 50% of the purchase amount, $102,410.00, upon invoice.

15. Kinetic began manufacturing the Equipment but failed to timely complete manufacture and delivery of the Equipment by May 21, 2018.

16. On May 28, 2018, Kinetic delivered the Equipment to STIHL and STIHL paid 20% of the purchase price, $40,964.00, pursuant to the Purchase Order's payment schedule.

17. The Equipment was unacceptable for a number of reasons, including its inability to manufacture a quality piston. For example, the vibration marks and dimensional quality of the pistons did not meet specifications.

18. In keeping with the terms of the Agreement and Purchase Order, STIHL rejected the Equipment as it did not conform with STIHL's requirements and specifications.

19. Pursuant to Section 8(B)(i) of the Agreement, if the Equipment fails to conform with STIHL's requirements and specifications, Kinetic must remedy the non-conformity within fifteen (15) days. If conformity is not achieved within the time strictures, STIHL has the right to cancel the Agreement and Purchase Order for breach.

20. For several months, STIHL worked with Kinetic in a good faith attempt to rectify the situation, including extending the above non-conformity deadline. Despite STIHL's patience and cooperative efforts, manufacturing issues continued through 2018 to the point where STIHL informed Kinetic that it was seriously considering terminating the Agreement and Purchase Order.

21. Despite assurances, Kinetic was not able to remedy the Equipment's deficiencies or provide a suitable replacement for the Equipment throughout 2019, 2020 and 2021.

22. On November 10, 2021, STIHL, through counsel, sent Kinetic a letter (the "Termination Letter") formally notifying Kinetic that STIHL was exercising its right to terminate the Agreement and Purchase Order for breach, and demanding that Kinetic return STIHL's installment payments. *See* **Exhibit 3**.

23. Pursuant to Section 17(B) of the Agreement, upon notice of STIHL's termination, Kinetic was required to "promptly return all monies previously paid to [Kinetic] by [STIHL] for the Equipment (if any) and direct damages."

24. At the time of termination, STIHL had paid Kinetic 70% of the total purchase price, or $143,374.00.

25. Additionally, STIHL has incurred additional damages in an amount not less than $10,000.00.

26. As required by Section 6 to the Purchase Order, Kinetic is also required to reimburse STIHL for the cost of procuring "products, equipment, and services similar to those that were to be provided under the [Purchase] Order" following STIHL's termination.

27. STIHL has incurred substantial costs, in an amount not less than $10,000.00, to procure replacement products, equipment, and services that Kinetic failed to deliver, as required under the Purchase Order.

28. To date, Kinetic has failed to respond to the Termination Letter or return STIHL's payments totaling $143,374.00.

## COUNT I: BREACH OF CONTRACT

29. The foregoing allegations are hereby adopted and incorporated by reference, as if fully re-alleged herein.

30. The Agreement and Purchase Order constitute a valid, binding, and enforceable contract between the parties, governed by Virginia law.  *See* Ex. 1 § 24.

31. Kinetic has breached Sections 3(C)(iii), 8(B)(i), 9(B), and 17(A) of the Agreement and Sections 6, 11, and 12 of the Purchase Order, by failing to deliver the Equipment in compliance with STIHL's requirements and specifications.

32. STIHL has a right to terminate for Kinetic's breaches of Sections 3(C)(iii), 8(B)(i), 9(B), and 17(A) of the Agreement and Sections 6, 11, and 12 of the Purchase Order.

33. STIHL properly exercised its right to terminate the Agreement and Purchase Order for breach, and Kinetic was properly notified of STIHL's termination.

34. Consistent with STIHL's termination rights, because of its breaches, Kinetic was required to promptly return all monies STIHL paid. *See* Ex. 1 § 17(B).

35. STIHL is also entitled to recover direct damages from Kinetic, including, but not limited to, all costs incurred by STIHL in preparation for receipt and installation of the Equipment. *Id.*

36. Further, Kinetic is liable to STIHL for the cost of procuring "products, equipment, and services similar to those that were to be provided under the [Purchase] Order" following STIHL's termination. *See* Ex. 2 § 6.

37. Kinetic has not responded to STIHL's Termination Letter nor returned to STIHL the $143,374.00 STIHL previously paid Kinetic.

38. As a result of Kinetic's multiple breaches of the Agreement and Purchase Order, STIHL has been harmed in an amount not less than $163,374.00.

WHEREFORE, Plaintiff STIHL Incorporated respectfully requests this Court enter judgment against Kinetic Ceramics, LLC, in an amount of not less than $163,374.00 for damages STIHL sustained as a result of Defendant's breaches of the parties' Capital Equipment Purchase Agreement and Purchase Order.

Respectfully submitted,

STIHL INCORPORATED,

By Counsel


/s/ *Robert W. McFarland*
Robert W. McFarland (VSB No. 24021)
Micaylee A. Noreen (VSB No. 92433)
MCGUIREWOODS LLP
101 West Main Street, Suite 9000
Norfolk, Virginia 23510
Telephone: (757) 640-3700
Facsimile: (757) 640-3701
rmcfarland@mcguirewoods.com
mnoreen@mcguirewoods.com

*Counsel for Plaintiff STIHL Incorporated*

154173699_5